UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-cv-20254-KING

BRENDA K. RINGEWALD,

    Plaintiff,

vs.

HOLLAND AMERICA LINE – USA INC.,
HOLLAND AMERICA LINE, INC.,
HOLLAND AMERICA LINE N.V.,
HOLLAND AMERICA LINE N.V. LLC,
HAL – ANTILLEN N.V., and
HAL MARITIME LTD.,

    Defendants.
_____/

## ORDER COMPELLING ARBITRATION

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss and Compel Arbitration (DE 14). Plaintiff Brenda Ringewald worked as the Lead Medical Officer aboard the M/S Amsterdam. She alleges that Defendants required all crew members to load their luggage onto the Amsterdam, and that she "sustained severe injuries after loading her luggage through stairs while embarking the M/S *Amsterdam*." She was again injured due to delayed, inadequate, or insufficient medical treatment received for her injuries. Based on these incidents, Ringewald sues all Defendants for Negligence, Unseaworthiness, Failure to Provide Maintenance and Cure, Failure to Treat, and Retaliatory Discharge.

Ringewald has an employment agreement with Defendant Hal Maritime Ltd. that requires her to arbitrate "[a]ny disputes whatsoever relating to or in any way arising out of" the employment agreement or her "service onboard a ship . . . . no matter how described,

pleaded or styled." DE 14-3, at 6. The agreement calls for arbitration in the United States, and for the application of the Laws of the British Virgin Islands—but Defendants have expressly waived the choice-of-law provision and agreed that the arbitrator may apply the laws of the United States if Ringewald so chooses. DE 14, at 4 ¶ 7.

**I.      Enforceability of the Arbitration Agreement by Hal Maritime Ltd.**

It is undisputed that Hal Maritime Ltd. is a signatory to Ringewald's employment agreement. Ringewald argues that Hal Maritime Ltd. may not enforce the employment agreement's arbitration provision against her because she is a United States citizen and because her performance of duties onboard the ship at sea does not constitute performance "abroad" under the New York Convention. For this argument, Ringewald relies almost exclusively on the authority of *Armstrong v. NCL (Bahamas) Ltd.*, 998 F. Supp. 2d 1335 (S.D. Fla. 2013), which follows *Matabang v. Carnival Corp.*, 630 F. Supp. 2d 1361 (S.D. Fla. 2009) (Hoeveler, J.).

The trouble for Ringewald is that this Division of Court has very recently rejected the *Matabang* line of cases in favor of the reasoning expressed in *Odom v. Celebrity Cruises, Inc.*, No. 10–cv–23086, 2011 WL 10636151, at *2 (S.D. Fla. Feb. 23, 2011) (Jordan, J.), and the cases following it. *D'Cruz v. NCL (Bahamas) Ltd.*, No. 1:15-CV-20240, 2015 WL 1468327, at *1 (S.D. Fla. Mar. 30, 2015) (King, J.). Following that line of cases, including this Division of Court's recent opinion in *D'Cruz*, the Court concludes in this case that all of the jurisdictional requirements of the New York Convention are met, including that Ringewald's performance of duties onboard the ship at sea constitute performance "abroad"

2

within the meaning of the Convention. Therefore, her claims against Defendant Hal Maritime Ltd. must be compelled to arbitration.

## II. Enforceability of the Arbitration Agreement by the Remaining Defendants

Unlike Hal Maritime Ltd., the remaining Defendants are not signatories to Ringewald's employment agreement, which contains the arbitration provision. Nevertheless, they may still compel Ringewald's claims to arbitration under the circumstances of this case.

> "Although arbitration is a contractual right that is generally predicated on an express decision to waive the right to trial in a judicial forum, this court has held that the lack of a written arbitration agreement is not an impediment to arbitration." *Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.,* 10 F.3d 753, 756–57 (11th Cir.1993). This is because "there are certain limited exceptions, such as equitable estoppel, that allow nonsignatories to a contract to compel arbitration." *Id.* at 757.
> . . .
> Existing case law demonstrates that equitable estoppel allows a nonsignatory to compel arbitration . . . . when the signatory [to the contract containing the arbitration clause] raises allegations of ... substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Boyd,* 981 F. Supp. at 1433. Otherwise, "the arbitration proceedings [between the two signatories] would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted." *Sam Reisfeld & Son Import Co. v. S.A. Eteco,* 530 F.2d 679, 681 (5th Cir. 1976).

*MS Dealer Serv. Corp. v. Franklin,* 177 F.3d 942, 947 (11th Cir. 1999) (some alterations in original). The *MS Dealer* court held a plaintiff equitably estopped from avoiding arbitration with a non-signatory defendant where it was clear that the plaintiff's claims against the signatory and non-signatory defendant were "'based on the same facts and are inherently inseperable.'" *Id.* at 948 (quoting *Sunkist Soft Drinks,* 10 F.3d at 757).

Ringewald's Amended Complaint alleges allegations of "substantially interdependent and concerted misconduct" by all defendants. She alleges that all defendants "owned,

3

operated, managed, maintained and/or controlled the vessel," and that all defendants employed her. Throughout all of the factual allegations (and legal conclusions) in Ringewald's Amended Complaint, she makes no distinction whatsoever between the defendants, in favor of levying all allegations against all of them together. *See* DE 9 *passim* ("it was the duty of Defendants"; "due to the fault and/or negligence of Defendants"; "Defendants knew"; "Defendants had a non-delegable duty"; "Defendants willfully and callously delayed"; "Defendants negligently failed"; "Defendants discharged"; etc.).

Under these circumstances, equitable estoppel allows the non-signatory defendants to compel arbitration of Ringewald's claims, just as she must arbitrate in any event with Hal Maritime Ltd. *See MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999).[1]

Therefore, it is **ORDERED, ADJUDGED, and DECREED**:

1. Defendants' Motion to Dismiss and Compel Arbitration **(DE 14)** be, and the same is, hereby **GRANTED**.

2. Plaintiff's claims against all defendants are hereby **COMPELLED TO ARBITRATION** under the terms of the Arbitration Agreement (DE 14-2, 14-3).

3. The Clerk shall **CLOSE** this case.

4. The Court **RETAINS** jurisdiction for the enforcement of any arbitral award, if appropriate.

---

[1] The Court's resolution of this issue renders it unnecessary for this Court to determine whether the non-signatory defendants are indeed Ringewald's employers, as she alleges, and as Defendants contest.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 10th day of July, 2015.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record